**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-541T
(Filed: July 8, 2016)
NOT FOR PUBLICATION

**FILED**
JUL - 8 2016
U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| TAQUAN RAHSHE GULLET-EL, | ) |
| *Pro Se* Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

## ORDER OF DISMISSAL

Pending before the court is the United States' motion to dismiss and opposition to plaintiff's motion for a temporary restraining order and preliminary injunction.[1] The government argues that this court does not have jurisdiction over plaintiff's case and thus

---

[1] Pro se plaintiff Taquan Rahshe Gullet-El, who varies the spelling of his name, has been charged in a federal criminal complaint filed in the United States District Court for the Central District of California with filing a fraudulent tax return in violation of 18 U.S.C. § 287, and filing a fraudulent lien and encumbrance on public officials in violation of 18 U.S.C. § 1521. Def.'s Mot. 1 (citing United States v. Gullett, No. 2:14-cr-725, Docket No. 1 (C.D. Cal. filed Dec. 19, 2014)). Plaintiff filed a civil complaint in the United States District Court for the Middle District of Florida seeking an injunction to halt the criminal proceeding; the district court dismissed plaintiff's complaint for lack of jurisdiction. Gullett-El v. Brown, No.3:16-cv-249, Docket No. 5 (M.D. Fla. filed Mar. 18, 2016). Plaintiff then asked this court to review the dismissal of his civil case; this court dismissed the complaint for lack of jurisdiction. Gullett-El v. United States, No. 16-403C, 2016 WL 1605491 (Fed. Cl. Apr. 20, 2016). The government states that it has also filed a civil case against plaintiff in the United States District Court for the District of the District of Columbia to nullify and enjoin false lien filings and that case is stayed pending the criminal case. United States v. Gutlett-El, 1:15-cv-652, Docket No. 1 (D.D.C. filed Apr. 29, 2015).

the case must be dismissed under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims. For the reasons discussed below, the court agrees with the government.[2]

Plaintiffs have the burden of establishing this court's jurisdiction by a preponderance of the evidence. See, e.g., Fid. & Guar. Ins. Underwriters, Inc. v. United States, 805 F.3d 1082, 1087 (Fed. Cir. 2015) (citing Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)). Pro se plaintiffs are held to less stringent pleading standards but must still demonstrate that the court has jurisdiction to hear their claim. See Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014) (citation omitted).

Although the court has found it nearly impossible to follow the plaintiff's complaint and other filings, it is clear that plaintiff has captioned his case as a suit involving an admiralty contract.[3] The Suits in Admiralty Act, 46 U.S.C. §§ 30901-30918, and the Public Vessels Act, 46 U.S.C. §§ 31101-31113, govern admiralty claims against the government. These statutes preserve the traditional exclusive jurisdiction of the federal district courts over admiralty or maritime cases. See also 28 U.S.C. § 1333 (providing for federal district court jurisdiction as opposed to state court jurisdiction for "any civil case of admiralty or maritime jurisdiction"); El-Shifa Pharm. Indus. Co. v. United States, 378 F.3d 1346, 1353 (Fed. Cir. 2004) (noting that 28 U.S.C. § 1333 "grant[s] exclusive and original jurisdiction to federal district courts over civil cases in admiralty and maritime jurisdiction"). The scope of the district courts' admiralty jurisdiction extends "to contracts that are 'wholly maritime' in nature." Marine Logistics, Inc. v. England, 265 F.3d 1322, 1324 (Fed. Cir. 2001); see also L-3 Servs., Inc. v. United States, 104 Fed. Cl. 30, 33 (2012). Therefore, this court lacks jurisdiction to hear plaintiff's complaint as an action involving admiralty. The court further finds that none of the other statutory provisions plaintiff cites in his complaint and filings support a finding of jurisdiction.

Because this court lacks jurisdiction, plaintiff's complaint is **DISMISSED**.[4] The clerk is directed to enter judgment accordingly.

---

[2] Because the court finds that it does not have jurisdiction, it does not reach plaintiff's motion for a temporary restraining order and preliminary injunction.

[3] The title of the complaint is "Claimant's Complaint of Libel for Enforcement of Civil Contracts in Admiralty" and the complaint refers several times to "admiralty civil contracts." Compl. 1-8.

[4] Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis. Plaintiff's motion to proceed in forma pauperis is **GRANTED** for the limited purpose of filing the complaint.

2

IT IS SO ORDERED.

/s/ Nancy B. Firestone
_____
NANCY B. FIRESTONE
Senior Judge